UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTWION CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00236-JPH-MJD |
| | ) |
| RICHARD BROWN, et al. | ) |
| | ) |
| Respondents. | ) |

**Order Granting Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Antwion Carter petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVD 18-12-0109. For the reasons explained in this Order, Mr. Carter's habeas petition is **GRANTED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On December 18, 2018, Indiana Department of Correction ("IDOC") Correctional Officer T. Davis wrote a Report of Conduct charging Mr. Carter with conspiracy to aid in trafficking, a violation of IDOC's Adult Disciplinary Code 111 and 113. The Report of Conduct states:

> On 12/13/2018, visitor Ashley Greene was found in possession of contraband. Her intentions were to traffick the contraband into the facility. Also involved was civilian Emmanuel Carter. Offender Carter had been in contact with Emmanuel Carter VIA the GTRL phone system. See attached report of investigation.

Dkt. 2-1 at 5; dkt. 11-1.

> The attached Investigation Report provides:
>
> On 12/13/2018, visitor Ashley Greene was escorted from Visitor Processing to the Office of Intelligence and Investigations for questioning. She was found to be in possession of contraband with the intent to bring it into the facility.
>
> After listening to the phone system it was found that offender Carter, Antwion #128406 was involved in the trafficking scheme. The phone call was made on 12/13/2018 by offender Carter to number 317-828-0942. During the call Carter refers to the callee as "E". Carter said "make sure you come through today he got too much invested". The callee said "the other person supposed to be dropping off the 50 to him. He said he is going to get at you as soon as he come out for rec".
>
> Also detained in the parking lot, was Emmanuel Carter. Mr. Carter stated that he was paid to pick Ms. Greene up and bring her down here for a visit. Mr. Carter did identify himself as going by "E". He also gave consent to search his phone.
>
> During a search of his phone it was found that the number was 317-828-0942. Mr. Carter told me that he was paid $50 to bring Ms. Greene here to visit someone. It is apparent that Carter, Antwion set up the ride (Emmanuel Carter) for Ms. Greene to get here to WVCF.

Dkt. 2-1 at 4; dkt. 11-2.

Mr. Carter was notified of the charge on December 19, 2018. Dkt. 2-1 at 9; dkt. 11-3. He pleaded not guilty and requested to call Emmanuel Carter as a witness. *Id.* In lieu of live testimony, Emmanuel Carter provided a written statement to the Respondent that Mr. Carter "didn't have anything to do with it." Dkt. 11-4.

2

A disciplinary hearing was held on January 4, 2019. Dkt. 2-1 at 8; dkt. 11-7. Mr. Carter told the hearing officer, "My visit never came. She couldn't find her money. That's all he's talking about." Dkt. 2-1 at 8; dkt. 11-7. The hearing officer considered the Report of Conduct and the Investigation Report and found him guilty. *Id.* The hearing officer did not consider Emmanuel Carter's written statement. *Id.*; dkt. 11 at 8. Mr. Carter received a demotion in credit class and a 180-day deprivation of earned credit time. Dkt. 2-1 at 8; dkt. 11-7.

Mr. Carter appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 2-1 at 2; dkt. 11-9; dkt. 11-10. These appeals were denied. *Id.* Mr. Carter then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Carter presents four grounds for relief, which this Court summarizes as: (1) he was denied the right to call witnesses and present evidence when the hearing officer did not call Emmanuel Carter to testify or consider his written statement; (2) he was denied the right to call witnesses and present evidence when the hearing officer did not call Ashley Greene to testify; (3) he did not receive notice that his disciplinary hearing had been postponed; and (4) he was given two different Report of Disciplinary Hearing forms on two different dates. Because the Court finds ground one meritorious, it need not discuss the other grounds.

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). "[T]he purpose of [this] rule is to [e]nsure that the disciplinary board

considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* The submission of a written [witness] statement is not by itself a valid reason for not" permitting live testimony. *Ashby v. Davis*, 82 F. App'x 467, 471 (7th Cir. 2003). Prison officials have the burden of providing a specific justification on a case-by-case basis for why the inmate's witnesses were not permitted to provide live testimony at the disciplinary hearing. *Ponte v. Real*, 471 U.S. 491, 499 (1985).

The record does not support Mr. Carter's claim that prison officials prevented Emmanuel Carter from providing live testimony at the hearing. Emmanuel Carter was given a Notice to Lay Advocate / Witness form. The form indicated that he could provide a written statement in lieu of live testimony, which is what Emmanuel Carter chose to do. There is no evidence that prison officials denied him the opportunity to attend the disciplinary hearing and provide live testimony. Requiring prison staff to subpoena uncooperative witnesses and delay disciplinary hearings until their presence is secured would impose an undue administrative burden and frustrate the penological need to resolve disciplinary cases quickly. *See Ponte*, 471 at 498 (courts should hesitate to impose administrative requirements that detract from a prison's primary mission of supervising inmates); *Wolff*, 418 U.S. at 556 (prisoners are not entitled to the "full panoply of rights" afforded to criminal defendants).

However, the record supports Mr. Carter's claim that Emmanuel Carter's exculpatory written statement was not admitted into evidence at the disciplinary hearing. *See* dkt. 2-1 at 8; dkt. 11-7. The Respondent concedes this point in the return to the order to show cause but argues the error was harmless because there is some evidence to support Mr. Carter's conviction. Dkt. 11 at 8-9.

4

A violation of the right to present evidence is not harmless if the improperly excluded evidence "would undermine the [hearing officer's] decision." *Donelson v. Pfister*, 811 F.3d 911, 918 (7th Cir. 2016) (comparing *Pannel v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (remanding for an evidentiary hearing when improperly excluded testimony "might have buttressed a potentially valid defense") with *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (affirming denial of the petition because the excluded testimony lacked exculpatory value or was otherwise irrelevant)). *See also Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (holding that improperly excluded evidence is harmless unless "the evidence could have aided in the petitioner's defense.").

Here, Emmanuel Carter's written statement is exculpatory and could have aided in Mr. Carter's defense: it is direct evidence of innocence that, if true, would directly undermine Mr. Carter's conviction. The evidence of Mr. Carter's guilt that was admitted at the hearing would meet the "some evidence" standard. But the excluded witness statement was not considered so the hearing officer did not have the opportunity to evaluate it in the context of all the evidence.

While it is not possible to know whether the excluded statement would have made a difference to the hearing officer's overall assessment of the evidence, the Court must view the excluded statement in Mr. Carter's favor. *Piggie*, 344 F.3d at 678. Doing so, the Court cannot conclude that the hearing officer's failure to consider Emmanuel Carter's statement was harmless. Because the statement was exculpatory and might have affected the outcome, but was not considered by the hearing officer, Mr. Carter's disciplinary hearing did not meet the requirements of due process. *Hill*, 472 U.S. at 454. Mr. Carter's request for relief on this ground is **granted**.

### D. Conclusion

For the foregoing reasons, Mr. Carter's petition for a writ of habeas corpus, dkt. [2], is **granted**. The Respondent is ordered to vacate Mr. Carter's conviction, restore his earned credit time, and return him to his previous credit-earning class. Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 4/28/2020

                                    *James Patrick Hanlon*
                                    James Patrick Hanlon
                                    United States District Judge
                                    Southern District of Indiana

Distribution:

ANTWION CARTER
128406
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov